UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD,<br>　　　Petitioner,<br>　　v.<br>SPEARMEN,<br>　　Respondent. | Case No. 18-cv-07228-HSG<br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES; REQUIRING PETITIONER TO MAKE ELECTION**<br>Re: Dkt. No. 12 |

Petitioner Daniel Ray Loyd, an inmate at High Desert State Prison, in Susanville, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Lake County Superior Court. Pending before the Court is respondent's motion to dismiss the petition for failure to exhaust state remedies. Dkt. No. 12. Petitioner has filed an opposition, Dkt. No. 16, and respondent has filed a reply, Dkt. No. 17. For the reasons set forth below, the Court GRANTS respondent's motion to dismiss.

**BACKGROUND**

A Lake County Superior Court jury found petitioner guilty of first degree murder (Cal. Penal Code § 187(a)); assault with a firearm (Cal. Penal Code § 245(a)(2)); possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)); possession of ammunition by a felon (Cal. Penal Code § 12316(b)(1)); and found true a special circumstance allegation that the murder was committed during an attempted robbery (Cal. Penal Code § 190.2(a)(17)) and multiple gun use allegations. The court found true prior conviction and prior prison term allegations, and sentenced petitioner to a term of life in prison without the possibility of parole and an additional term of 26 years, 4 months. Dkt. No. 12-1 at 37.

On December 5, 2017, the California Court of Appeal affirmed the convictions and

sentence. Dkt. No. 12-1 at 26-62.

On January 12, 2018, petitioner submitted a petition for review to the California Supreme Court, challenging his convictions and sentence on the following grounds: (1) the trial court's erroneous instructions on felony murder causation and the trial court's failure to instruct on provocative conduct murder deprived him of due process, a fair trial and a jury verdict under the Sixth and Fourteenth Amendments, (2) the trial court's failure to instruct on lesser-included offenses to first-degree felony murder based on the conflicting evidence as to whether a robbery occurred deprived him of a fair trial; (3) the trial court's refusal to permit the jury to have defense counsel's argument regarding proximate cause reread after the jury instructions had been given deprived petitioner of due process and his Sixth Amendment right to effective assistance of counsel; and (4) the trial court's erroneous admission of his custodial statement notwithstanding his invocation of his right to counsel deprived him of his Fifth and Fourteenth Amendment rights to freedom from self-incrimination. Dkt. No. 12-1 at 3-67. On March 14, 2018, the California Supreme Court denied the petition for review. Dkt. No. 12-1 at 69.

On May 4, 2018, petitioner filed a habeas petition, Case No. A154216, in the California Court of Appeal, First Appellate District, which was denied on May 16, 2018, without prejudice to the petition first being filed in superior court.[1] Dkt. No. 12-1 at 73.

On July 9, 2018, petitioner filed another habeas petition, Case No. A154744, in the California Court of Appeal, First Appellate District, which was denied on July 12, 2018.[2] Dkt. No. 12-1 at 75.

On September 24, 2018,[3] Petitioner filed a petition for review with the California Supreme Court seeking review of the California Court of Appeal's July 12, 2018 denial of his state habeas

---

[1] The May 4, 2018 habeas petition is not part of the record before the Court, so it is unclear what claims were raised in this petition.
[2] The July 9, 2018 habeas petition is not part of the record before the Court, so it is unclear what claims were raised in this petition.
[3] In determining when a *pro se* state or federal petition is filed, the "mailbox" rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing. *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir. 2009); *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). According to the proof of service, petitioner handed his letter to prison officials for mailing on September 24, 2018. Dkt. No. 12-1 at 99.

petition. The petition for review challenged his conviction on the following grounds: (1) deprivation of due process and Sixth Amendment right to counsel when trial counsel admitted that petitioner was guilty of all charges; (2) ineffective assistance of counsel where counsel acknowledged petitioner's guilt during closing argument, failed to investigate a potentially meritorious defense, and failed to cross-examine witnesses effectively; (3) ineffective assistance of counsel where counsel admitted in closing argument that petitioner was guilty of robbery leaving the jury with no choice but to find petitioner guilty of felony murder; (4) ineffective assistance of counsel where counsel performed an inadequate investigation by failing to obtain an expert witness that could testify that petitioner's pistol could not have shot Ms. Quiett if she were standing and by failing to obtain the 911 call log and the CAD log; (5) ineffective assistance of counsel where counsel had inadequate knowledge of the law in that counsel failed to understand the principle of felony murder; (6) ineffective assistance of counsel where trial counsel effectively failed to assert a legal defense when counsel asserted a defense of foreseeability in felony murder case while also admitting that petitioner committed the robbery and caused the death of the victim; (7) ineffective assistance of counsel where counsel admitted petitioner was guilty of all crimes without a tactical reason; (8) ineffective assistance of counsel where counsel refused to assert second shooter defense; (9) ineffective assistance of counsel where counsel called petitioner to testify regarding a defense that trial counsel chose to abandon; and (10) cumulative error. Dkt. No. 12-1 at 77-98.

On September 26, 2018, the Clerk of the California Supreme Court returned the petition for review to petitioner unfiled with the following cover letter: "We hereby return unfiled your petition for review, which we received on September 26, 2018. A check of the Court of Appeal docket shows that an order denying petition for writ of habeas corpus [was] filed on July 12, 2018. This court lost jurisdiction to act on any petition for review after August 13, 2018. (See Cal Rules of Court, rule 8.500(e).) Without this jurisdiction, this court is unable to consider your request for legal relief." Dkt. No. 12-1 at 101.

3

On November 8, 2018,[4] petitioner filed the instant petition in the Eastern District of California. Dkt. No. 1. On November 29, 2018, this case was transferred from the Eastern District of California to this district. Dkt. No. 3. On January 31, 2019, this Court found that the petition stated the following cognizable claims for federal habeas relief: (1) the trial court erred by failing to correctly instruct the jury on the causation required for felony-murder and for failing to instruct the jury that if the felony-murder rule did not apply, the murder charge was governed by the provocative act murder rule; (2) the trial court erred by failing to instruct the jury on lesser included offenses; (3) the trial court erred in failing to read to the jury defense counsel's closing argument regarding proximate cause as requested by the jury; (4) the trial court erred by admitting petitioner's custodial statement made after he invoked his right to counsel; (5) trial counsel rendered ineffective assistance on multiple grounds; and (6) trial counsel's errors resulted in cumulative error. Dkt. No. 10.

**DISCUSSION**

Respondent has filed a motion to dismiss this petition as unexhausted, arguing that the ineffective assistance of counsel claims and the cumulative error claim are not exhausted. Dkt. No. 12. Petitioner argues that the Court should not dismiss this petition as unexhausted because he has made a "valiant attempt to follow court procedures and exhaust all claims in accordance to rules of court," and because the cover page of the habeas petition filed in the California Court of Appeals was incorrectly labelled. Dkt. No. 16 at 3-4. In the alternative, petitioner requests that he be granted leave under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) to "have all claims addressed in a[n] original habeas proceeding with properly titled cover page, as petitioner now understands that there is a difference from a petition for review, and a petition for writ of habeas corpus, with different filing timelines." Dkt. No. 16 at 4. The parties agree that Claim Nos. 1 through 4 were exhausted by the January 12, 2018 petition for review of the direct appeal.

**A.  Legal Standard**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

---

[4] According to the proof of service, petitioner handed his letter to prison officials for mailing on November 8, 2018. Dkt. No. 1 at 12.

either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State Supreme Court, claim not fairly presented).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation and citation omitted). However, a district court may not grant the writ unless state court remedies are exhausted or exhaustion there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)–(B). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

The exhaustion requirement is satisfied only if a federal claim has been "fairly presented" to the state courts. *Picard*, 404 U.S. at 275. A federal claim is "fairly presented" to the state supreme court if it is raised by a procedural method which complies with the state appellate rules and involves a "permissible method of raising an issue in [the state supreme court]." *Farmer v. Baldwin*, 563 F.3d 1042, 1044 (9th Cir. 2009) (federal claims fairly presented when petitioner "complied with the appellate rules" by referring to brief with attachment containing federal claims in his petition for review before Oregon Supreme Court). However, it does not constitute "fair presentation" if the claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presentation

5

1 by way of petition to state supreme court for allocatur, which under state procedure may be
2 considered only when "there are special and important reasons therefor," insufficient to exhaust);
3 *Kibler v. Walters*, 220 F. 3d 1151, 1153 (9th Cir. 2000) (where state habeas petitioner failed to
4 satisfy procedural requirements for presentation of his claims to Washington Supreme Court, he
5 failed to fairly present his claims for purposes of federal habeas corpus review).

**B.     Analysis**

The Court agrees that petitioner has failed to exhaust his state remedies for his claims of ineffective assistance of counsel and cumulative error. Petitioner's September 2018 petition for review failed to satisfy the procedural requirements for the presentation of claims to the California Supreme Court. Rule 8.500(e) of the California Rules of Courts requires that a petition for review be served and filed within ten days after the Court of Appeal decision is final. Cal. R. Ct. 8.500(e). Under Rule 8.366(b), a Court of Appeal decision in a criminal appeal is final thirty days after filing. Cal. R. Ct. 8.366(b). Petitioner's 2018 petition for review sought review of the California Court of Appeal's July 12, 2018 denial of his habeas petition and was filed on September 24, 2018, over a month after the appellate court's decision became final. Petitioner's 2018 petition for review therefore failed to comply with the procedural requirements set forth in Rule 8.500(e) for the presentation of claims to the California Supreme Court.

Petitioner argues that his failure to exhaust should be excused because he made a sincere attempt to timely exhaust his state remedies; that he did not understand that the California Supreme Court's statement that it lacked jurisdiction to consider his claims meant that his claims had not been considered by the California Supreme Court; and that his petition for review would have been considered by the California Supreme Court if he had not mislabeled his petition for review. Dkt. No. 16. The Court does not have discretion to ignore the exhaustion requirement. Federal law and the United States Supreme Court require the dismissal of a federal habeas petition that contains a claim (or claims) as to which state remedies have not been exhausted. *See Rhines*, 544 U.S. at 273. The only exception to this requirement is where there is an absence of available state corrective process or where such process has been rendered ineffective, which is not the case here. *See* 28 U.S.C. § 2254(b)(1)(A)-(B). Moreover, generally speaking, a *pro se* prisoner's

6

confusion regarding the law does not excuse the failure to exhaust state remedies. *See Rose*, 455 U.S. at 520 (exhaustion requirement applies equally to *pro se* litigants because "[j]ust as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement"); *see also Barbarin v. Madden*, No. ED CV 17-00257-VBF-LAL, 2018 WL 6303889, at *1 (C.D. Cal. Nov. 29, 2018) ("Although petitioner is proceeding *pro se*, that does not excuse his noncompliance with exhaustion and pleading requirements."). While petitioner is correct that state habeas petitions are not subject to Rule 8.500(e), the record does not support petitioner's claim that the return of his September 2018 petition for review was solely due to an error in labelling the pleading. Petitioner clearly stated in the body of the pleading that he was seeking review of the July 2018 state appellate court denial of his habeas petition. In other words, his pleading clearly petitioned the California Supreme Court for review of the state appellate court's July 2018 decision. The California Supreme Court properly considered the pleading as a petition for review and subjected it to the procedural requirements set forth in Rule 8.500(e). Accordingly, the Court finds that petitioner has not exhausted his state court remedies for his claims of ineffective assistance of counsel and cumulative error.

C.   ***Rhines* Stay**

The instant petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. *See Rhines*, 544 U.S. at 277. Federal courts are required to dismiss mixed petitions. *See Rose*, 455 U.S. at 510 (every claim raised in federal habeas petition must be exhausted). Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or (2) dismiss this action and return to

7

state court to exhaust all claims before filing a new federal petition presenting all of his claims, or (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Petitioner is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

If petitioner chooses to request a stay, he may seek a stay pursuant to either *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). A petitioner seeking a stay pursuant to *Rhines* is required to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. A petitioner seeking a stay pursuant to *Kelly* is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009) (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended,

fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition." *King*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

In discussing *Rhines* stays, the United States Supreme Court has cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277–78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071. If Petitioner moves for a stay, he must show that he satisfies either the *Rhines* criteria or the *King/Kelly* requirements.

**CONCLUSION**

For the reasons stated above, the Court orders as follows.

1. The Court GRANTS respondent's motion to dismiss the petition for failure to exhaust state remedies.

2. Within **twenty-eight (28) days** of the date of this order, Petitioner must file a notice with the Court in which he states whether he elects to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses.

If he chooses Option (3), Petitioner must file within twenty-eight (28) days of this order, a motion for a stay in which he explains whether he is seeking a *Rhines* stay or a *King/Kelly* stay. If he seeks a *Rhines* stay, he must explain why he failed to exhaust his unexhausted claim(s) in state court before presenting them to this court, and show that his claims are not meritless and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly* to amend his petition (to delete the unexhausted claim(s)) and to stay this action while he exhausts state court remedies for the unexhausted claim(s), he must do so show that the amendment of any newly exhausted claims back into the petition would share a common core of operative facts and comply with AEDPA's statute of limitations.

If petitioner does not choose one of the three options or file a motion by the deadline, this action will proceed solely on the exhausted claims – Claim Nos. 1, 2, 3 and 4.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 1/15/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge