UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD, <br>     Petitioner, <br> v. <br> SPEARMEN, <br>     Respondent. | Case No. 18-cv-07228-HSG <br><br> **ORDER GRANTING REQUEST FOR STAY** <br> Re: Dkt. No. 20 |

Petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court. On January 31, 2019, the Court found that the petition stated six cognizable claims and ordered respondent to show cause as to why the petition should not be granted. Dkt. No. 10. On January 15, 2020, the Court granted respondent's motion to dismiss for failure to exhaust state court remedies, finding that petitioner's ineffective assistance of counsel claims and cumulative error claim were unexhausted. Dkt. No. 18. The Court required petitioner to elect whether he wished to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausted his state court remedies for the unexhausted claims. *Id.* Petitioner has filed a motion with the Court, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), requesting that the Court stay these proceedings and hold his petition in abeyance so that he may exhaust his state court remedies for his ineffective assistance of counsel claims and cumulative error claim.

Upon due consideration, the Court GRANTS petitioner's motion to stay and hold these

proceedings in abeyance. Liberally construing the motion, it appears that petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. *See Rhines,* 544 U.S. at 277-78. Petitioner is cautioned that he must exhaust his claims in the California Supreme Court. *See McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988) (petitioner must present to highest state court all claims he wishes to raise in a federal habeas petition). Petitioner must also promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78 (a *Rhines* stay must be limited in time to avoid indefinite delay); *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court). Within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims, petitioner must so inform the Court if he wishes to seek further relief in this Court.

## CONCLUSION

1. Petitioner's motion for a stay is GRANTED. This action is hereby STAYED while petitioner exhausts his unexhausted claims in the state courts.

2. If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted. To do so, petitioner must notify the Court within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims. The notice must clearly identify in the caption that it is to be filed in Case No. C 18-7228 HSG (PR). Upon petitioner's filing of the notification that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

3. If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

4. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure.

//

This order terminates Docket No. 20.

**IT IS SO ORDERED.**

Dated: 3/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge