UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY LOYD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN NEILL MCDOWELL,<br><br>　　　　Respondent. | Case No. 18-cv-07228-HSG<br><br>**ORDER LIFTING STAY AND REOPENING CASE; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 23 |

Petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court.[1]

**PROCEDURAL BACKGROUND**

On January 31, 2019, the Court found that the petition stated six cognizable claims and ordered respondent to show cause as to why the petition should not be granted. Dkt. No. 10. On January 15, 2020, the Court granted respondent's motion to dismiss for failure to exhaust state court remedies, finding that petitioner's last two claims, an ineffective assistance of counsel claim and a cumulative error claim, were unexhausted. Dkt. No. 18. On March 6, 2020, the Court granted petitioner's request to stay this action and hold this action in abeyance while petitioner exhausted his state court remedies for the unexhausted claims. Dkt. No. 22.

**REQUEST TO LIFT STAY AND REOPEN CASE**

On June 23, 2020, petitioner notified the Court that his claims were exhausted in the

---

[1] Warden Spearman is currently the named respondent in this action. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Neil McDowell, the current warden of Ironwood State Prison, in place of the previously named respondent because Warden McDowell is petitioner's current custodian.

California Supreme Court on June 10, 2020, and asked that the stay be lifted, the case reopened, and that the Court schedule further proceedings. Dkt. No. 23. Good cause shown, petitioner's motion is GRANTED.

**CONCLUSION**

The Court orders as follows:

1. Petitioner's request to lift the stay and reopen this action is GRANTED. Dkt. No. 23. The Clerk is directed to lift the stay and reopen this action.

2. Petitioner's request that the Court schedule further proceedings is GRANTED. Dkt. No. 23. The operative petition remains Dkt. No. 1. Within **ninety-one (91) days** of the issuance of this order, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable in the Court's January 31, 2019 Order to Show Cause. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

This order terminates Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: 7/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

2