1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 DANIEL RAY LOYD,

8               Petitioner,

9        v.

10 WARDEN NEILL MCDOWELL,

11               Respondent.

Case No.  18-cv-07228-HSG

**ORDER DENYING DUPLICATIVE REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE; DENYING WITHOUT PREJUDICE REQUEST FOR LEAVE TO AMEND PETITION**

Re: Dkt. Nos. 33, 34

12

13        Petitioner filed the above-titled *pro se* petition for a writ of habeas corpus pursuant to 28

14 U.S.C. § 2254, challenging the validity of a judgment obtained against him in state court.[1]  Now

15 pending before the Court are Petitioner's motion for leave to file an amended petition (Dkt. No.

16 33) and request for an extension of time to file his traverse (Dkt. No. 34).

17                                   **DISCUSSION**

18 **I.     Request for Leave to File an Amended Petition**

19        The operative petition (Dkt. No. 1) challenges Petitioner's 2016 Lake County Superior

20 Court conviction for first-degree murder, use of a firearm, being a felon in possession of a firearm,

21 attempted robbery and the sentence of life without parole.  Dkt. No. 1.  The Court found that this

22 petition stated the following cognizable claims: (1) the trial court erred by failing to correctly

23 instruct the jury on the causation required for felony-murder and for failing to instruct the jury that

24 if the felony-murder rule did not apply, the murder charge was governed by the provocative act

25

26 ─────────────────

[1] Warden Spearman is currently the named respondent in this action.  In accordance with Rule
27 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas
Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Neil McDowell,
28 the current warden of Ironwood State Prison, in place of the previously named respondent because
Warden McDowell is Petitioner's current custodian.

1    murder rule; (2) the trial court erred by failing to instruct the jury on lesser-included offenses;

2    (3) the trial court erred in failing to read to the jury defense counsel's closing argument regarding

3    proximate cause as requested by the jury; (4) the trial court erred by admitting Petitioner's

4    custodial statement made after he invoked his right to counsel; (5) trial counsel rendered

5    ineffective assistance on multiple grounds; and (6) trial counsel's errors resulted in cumulative

6    error.  Dkt. No. 10.

7         On October 2, 2020, Petitioner filed a separate *pro se* petition for a writ of habeas corpus

8    pursuant to 28 U.S.C. § 2254 in the Central District of California[2] which challenged the same

9    conviction challenged in this action, but alleged a new claim for federal habeas relief:  the denial

10   of right to counsel, which Petitioner distinguishes from the denial of effective assistance of

11   counsel.  *Loyd v. McDowell*, C No. 20-cv-07695 HSG ("*Loyd II*"), Dkt. No. 1 (filed Oct. 2, 2020).

12   On October 26, 2020, the Central District of California transferred this action to this district,

13   finding that venue for this action was proper in the district of Petitioner's conviction, specifically

14   the Northern District of California.  *Loyd II*, Dkt. No. 4 (filed on Oct. 26, 2020).  Because this

15   action was already pending, the Court administratively closed *Loyd II*, and construes the petition

16   filed in *Loyd II* as a motion for leave to file an amended petition.  *See Woods v. Carey*, 525 F.3d

17   886, 887–90 (9th Cir. 2008) (when *pro se* petitioner files new petition in the district court where

18   an earlier-filed petition is still pending, district court must construe new petition as motion to

19   amend the pending petition rather than as unauthorized second or successive petition).

20        The Court DENIES Petitioner's motion for leave to file the petition docketed at Dkt. No.

21   33 as the first amended petition.  An amended petition generally constitutes waiver of any omitted

22   claims that had been presented in prior petitions.  *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th

23   Cir. 2008).  Thus, the filing of a new petition cancels out and waives any claims from the old

24   petition.  *Id.*  The proposed amended petition docketed at Dkt. No. 33 would constitute a waiver of

25   the claims already found cognizable.  The Court presumes that Petitioner seeks to proceed on **both**

26

27   _____

28   [2] At the time that Petitioner filed *Loyd II*, he was incarcerated at Ironwood State Prison, which is located in Blythe, California, which is in the Central District of California.  *See Loyd II*, Dkt. No. 1 at 1.

United States District Court
Northern District of California

the six cognizable claims set forth in the operative petition **and** the claim of denial of counsel set forth in the petition docketed at Dkt. No. 33.  Accordingly, Petitioner's motion for leave to file the petition docketed at Dkt. No. 33 as the first amended petition is DENIED without prejudice to filing an amended petition that contains **both** the six claims already found cognizable **and** the claim of denial of counsel.  Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition containing all his claims for federal habeas relief related to his 2016 Lake County Superior Court conviction.  Failure to file an amended petition in accordance with this order will result in Dkt. No. 1 remaining the operative petition.

**II.      Request for Extension of Time to File Traverse**

Petitioner has recently filed a duplicative request for an extension of time to file his traverse.  Dkt. No. 34.  This request is DENIED as moot.  This request renews the request for an extension of time docketed at Dkt. No. 30.  That request was granted in the Court's November 2, 2020 order.  Dkt. No. 32.  Petitioner's traverse is due February 2, 2021.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.      The Court DENIES Petitioner's motion for leave to file the petition docketed at Dkt. No. 33 as the first amended petition without prejudice to filing an amended petition that contains **both** the six claims already found cognizable **and** the claim of denial of counsel.  Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition containing all his claims for federal habeas relief related to his 2016 Lake County Superior Court conviction.  Failure to file an amended petition in accordance with this order will result in Dkt. No. 1 remaining the operative petition.

2.      The Court DENIES as moot Petitioner's duplicative request for an extension of time to file his traverse.  Dkt. No. 34.  That request was granted in the Court's November 2, 2020 order.  Dkt. No. 32.  Petitioner's traverse is due February 2, 2021.

3.      The Clerk of the Court is directed to substitute Neil McDowell, the current warden of Ironwood State Prison, in place of the previously named respondent because Warden McDowell is Petitioner's current custodian.

1    This order terminates Dkt. Nos. 33, 34.

2    **IT IS SO ORDERED.**

3    Dated:  11/23/2020

4    _____

5    HAYWOOD S. GILLIAM, JR.
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California